UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC, *Plaintiff*, v. JOHN DOE subscriber assigned IP address 32.210.101.41, *Defendant*. | Civil No. 3:18-cv-00592 (JBA) April 19, 2018 |

**RULING ON MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference having come before the Court, it is hereby

1. ORDERED that Plaintiff having established that "good cause" exists for it to serve a third party subpoena on Frontier Communications (hereinafter the "ISP"), Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this Order on the ISP, and the ISP shall serve a copy of this Order on the subscriber Defendant John Doe. The ISP may serve John Doe using any reasonable means, including written

notice sent to their last known address, transmitted either by first-class mail or via overnight service.

3. Because the subscriber is not necessarily the person who allegedly infringed, given the non-remote possibility that users other than the subscriber may have used the IP address in question, IT IS FURTHER ORDERED that Defendant John Doe shall have 60 days from the date of service of this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any motion to litigate the subpoena pseudonymously. The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until and unless the Court has ruled on any such motions and issued an order instructing the ISP to resume in turning over the requested discovery.

4. IT IS FURTHER ORDERED that the ISP, once subpoenaed, shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

5. IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

    IT IS SO ORDERED.

    _____/s/_____
    Janet Bond Arterton, U.S.D.J.

    Dated at New Haven, Connecticut this 19th day of April 2018.